

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2009

# Hozay Royal v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Hozay Royal v. USA" (2009). *2009 Decisions.* Paper 66.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/66

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3452
_____

HOZAY ROYAL,
Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-03151)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: December 18, 2009)

_____

OPINION
_____

PER CURIAM.

Hozay Royal appeals from an order of the United States District Court for

the District of New Jersey, which denied his petition for writ of habeas corpus pursuant to

1

28 U.S.C. § 2241, and the order denying his motion to alter or amend the judgment of dismissal pursuant to Fed. R. Civ. P. 59(e). Because the appeal raises no substantial question, we will affirm the District Court's orders.

Hozay Royal pleaded guilty, in the Eastern District of Pennsylvania, to use of an unauthorized access device with intent to defraud and was sentenced to a forty-one month term of imprisonment. Royal filed a direct appeal, which was dismissed because he had waived his appellate rights in the plea agreement. He then filed a pro se motion to correct his sentence, which was denied,[1] and a motion to alter or amend the denial of that motion, which also was denied.[2]

Royal is now confined at the Federal Correctional Institution at Fort Dix. He filed this petition pursuant to 28 U.S.C. § 2241, in the district of his confinement, challenging the length of his sentence based on our decision in United States v. Kennedy, 554 F.3d 415 (3d Cir. 2009). The District Court dismissed his petition after concluding that relief was not available under § 2241. Royal then filed a motion to alter or amend the judgment of dismissal pursuant to Fed. R. Civ. P. 59(e). The District Court denied his motion, and Royal timely appealed.

Royal claims that a remedy under 28 U.S.C. § 2255 is ineffective or inadequate because Kennedy was decided after the one-year statute of limitations for

---

[1] The District Court construed the motion as one filed under Rule 35 of the Federal Rules of Criminal Procedure.

[2] Royal's appeal from those orders is docketed at C.A. No. 09-3466.

filing a § 2255 motion had already run, therefore making him unable to raise this claim in a § 2255 petition. A motion to vacate a sentence pursuant to 28 U.S.C. § 2255 is the presumptive means to collaterally challenge a federal conviction or sentence. Under the explicit terms of 28 U.S.C. § 2255, a habeas corpus petition cannot be entertained by a court unless a section 2255 motion would be "inadequate or ineffective." See Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971). The District Court correctly held that Royal's challenge to his sentence is within the scope of claims cognizable under § 2255, and thus he may not seek relief via a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[3] That Kennedy was decided after the time in which Royal could have filed a § 2255 motion does not render § 2255 inadequate or ineffective so that he may resort to habeas corpus relief under § 2241. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002). "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Id. (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.1986).

For the foregoing reasons, we will summarily affirm the order of the District Court, dismissing Royal's federal habeas corpus petition for lack of jurisdiction.

---

[3] In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). See also In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). As explained in the District Court opinion, this is not the case here. See Dist. Court. Op., 7-9.

3